UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00340-MR

| KEITH HARDING, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) ORDER |
| | ) |
| FNU SCHETTER, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Keith Harding ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action on November 24, 2020, pursuant to 42 U.S.C. § 1983, naming FNU Schetter, identified as an employee of Marion Correctional Institution ("Marion"), and FNU Moody, identified as an employee of and nurse at Marion, as Defendants in this matter. [Doc. 1 at 2]. Plaintiff purports to sue these Defendants in their

individual and official capacities. [Id.]. Plaintiff alleges that these Defendants violated his rights under the Eighth and Fourteenth Amendments and that Defendant Moody committed medical malpractice in his care of Plaintiff. In support of these claims, Plaintiff alleges as follows.

On December 25, 2019, between 6:00 p.m. and 7:00 p.m., Defendant Schetter was escorting Plaintiff to the shower. Because Plaintiff was in the Restrictive Housing Unit, he was handcuffed from behind at this time. [Doc. 1 at 3]. Halfway to the shower, Schetter ordered Plaintiff, who was walking at a moderate pace, to slow down. [Id.]. Plaintiff replied that he was walking at a normal pace. [Id.]. Then Plaintiff stopped walking "so that [he] wouldn't be seen as not complying." [Id.]. Schetter then told Plaintiff that his shower had been revoked and ordered Plaintiff to walk to his cell. Plaintiff persisted in pleading his case, asking why his shower had been denied. [Id.]. Schetter, while gripping Plaintiff's arm, threw Plaintiff face first into a nearby wall and then slammed Plaintiff to the floor. [Id.]. Plaintiff suffered a swollen lip, bleeding from his mouth, and swelling to his head. [Id.]. Plaintiff "never showed any sign of aggression, nor did [he pose] any type of threat." [Id. at 4].

Defendant Moody, a nurse, arrived at Plaintiff's cell shortly thereafter to examine Plaintiff. Plaintiff explained his injuries to Moody, who told Plaintiff

that he would be okay and told officers to get Plaintiff an ice pack. [Id. at 4]. Plaintiff was never brought an ice pack and was "left to suffer in pain with no remedial medical assistance." [Id.]. Overnight Plaintiff's swelling increased and caused "severe migraines" [sic]. [Id. at 5]. Plaintiff also experienced difficulty eating over the next week and a half. [Id.]. On December 26, 2019, at approximately 3:00 p.m., Plaintiff declared a medical emergency. Moody arrived in response. Plaintiff told Moody that Plaintiff had a severe migraine and that his swelling had increased. [Id.]. Moody replied that Plaintiff's injuries "must not be crucial" if Plaintiff was till able to talk. Moody left without treating Plaintiff's injuries. [Id.].

For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 9]. Plaintiff also requests the Court to order Defendants to release video footage from the December 25 and 26, 2019 incidents to the Court. [Id.].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

3

Case 1:20-cv-00340-MR   Document 9   Filed 03/10/21   Page 3 of 12

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Official Capacity Claims

Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. [Id. at 2]. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov.

4

22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

### B. Excessive Force

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  To establish an Eighth Amendment claim based on the use of excessive force, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

5

Here, taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court finds that his Eighth Amendment claim against Defendant Schetter survives initial review as it is not clearly frivolous.

**C.     Deliberate Indifference to a Serious Medical Need**

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. <u>Id.</u> "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." <u>Young v. City of Mt. Ranier</u>, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990).

6

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff's claim against Defendant Moody for deliberate indifference to Plaintiff's serious medical needs under the Eighth Amendment survives initial review as it is not clearly frivolous.

### D. Fourteenth Amendment

Plaintiff purports to state claims against both Defendants for violation of his rights under the Fourteenth Amendment. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of

7

Case 1:20-cv-00340-MR Document 9 Filed 03/10/21 Page 7 of 12

"life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994). To support a claim for violation of a constitutional right under the due process clause, a plaintiff must show that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005). See also Hawkins v. Freeman, 195 F.3d 732, 749 (4th Cir. 1999) ("There is no general liberty interest in being free of even the most arbitrary and capricious government action; the substantive component of the due process clause only protects from arbitrary government action that infringes a specific liberty interest.") (citations omitted).

Here, Plaintiff alleges that "[t]he conduct by Schetter violated [Plaintiff's] Fourteenth Amendment right to liberty and it did so without due process, when [Plaintiff] was unable to defend himself." [Doc. 1 at 6]. Plaintiff further alleges that Moody denial of medical treatment to Plaintiff violated "[his] Fourteenth Amendment right, and it did so without due

process." [Id. (emphasis in original)]. As such, it appears that Plaintiff believes his Fourteenth Amendment rights were violated simply by virtue of the alleged violations of his Eighth Amendment rights. Plaintiff's allegations here do not implicate due process concerns.

The Court will, therefore, dismiss Plaintiff's Fourteenth Amendment claims on initial review because Plaintiff has failed to state a claim upon which relief may be granted.

### E. Medical Malpractice

Plaintiff also purports to state a claim for medical malpractice against Defendant Moody. Plaintiff, however, has not complied with Rule 9(j) of the North Carolina Rules of Civil Procedure, which requires plaintiffs asserting medical malpractice actions to obtain an expert review of "the medical care and all medical records" before filing a lawsuit, and for a medical expert to certify that. N.C. Gen. Stat. § 1A-1, Rule 9(j). The Court will dismiss this claim without prejudice. The Court will, however, allow Plaintiff the opportunity to amend his Complaint, as further directed below. Should Plaintiff wish to pursue a claim for medical malpractice, he must comply with Rule 9(j).

### F. Motion for Video Footage

Plaintiff moves the Court to order Defendants to release video footage of the alleged incidents to the Court. First, the Court has not yet entered a Pretrial Order and Case Management Plan ("PTOCMP") in this case. As such, any requests for discovery are premature. Once the Court has entered the PTOCMP in this case, the Plaintiff may serve discovery requests on Defendants. Second, discovery requests should <u>not</u> be filed with the Court. Discovery materials should only be exchanged between the parties and only after the Court has entered the PTOCMP. All future discovery requests must be served on the opposing party. As such, Plaintiff's motion for video footage will be denied.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Eighth Amendment claims against both Defendants in their individual capacities survive initial review. Plaintiff's claim against Defendant Moody for medical malpractice and Plaintiff's Fourteenth Amendment claims are dismissed without prejudice to Plaintiff's ability to file an amended complaint in accordance with the terms of this Order. Plaintiff's official capacity claims are dismissed with prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to

otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed against Defendants on Plaintiff's Eighth Amendment claims only.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)  The excessive force claim against Defendant Schetter survives initial review;

(2)  The deliberate indifference claim against Defendant Moody survives initial review;

(3)  The official capacity claims against both Defendants are dismissed with prejudice;

(4)  The remaining claims are dismissed without prejudice for failure to state a claim upon which relief may be granted; and

(5)  The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will proceed against Defendants as provided in this Order.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 9, 2021

Martin Reidinger
Chief United States District Judge

12

Case 1:20-cv-00340-MR   Document 9   Filed 03/10/21   Page 12 of 12