# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00340-MR

| | |
|---|---|
| KEITH HARDING, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU SCHETTER, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Keith Harding ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action on November 24, 2020, pursuant to 42 U.S.C. § 1983, naming FNU Schetter and FNU Moody as Defendants in this matter. [Doc. 1 at 2]. Plaintiff's Complaint survived initial review on March 10, 2021. [Doc. 9]. On initial review, the Court allowed Plaintiff the opportunity to amend his Complaint in accordance with the Order or, if not, for the action to proceed as it stood. [Id. at 11]. Plaintiff did not amend his Complaint, and, on April 27, 2021, the Court ordered the Clerk to begin the procedure for waiver of service under Local Civil Rule 4.3 for

Defendants Schetter and Moody, who are alleged to be current or former employees of the NCDPS. [Doc. 10]. The same day, the Clerk sent requests for waivers of service as directed, making Defendants' waivers of service due by June 28, 2021. [Doc. 11]. On August 31, 2021, Defendant Moody moved for his waiver of service to be deemed timely filed and defense counsel filed, on behalf of the NCDPS, the last known address for Defendant Schetter. [Docs. 16, 17]. On September 7, 2021, the Court granted Defendant Moody's motion and ordered the U.S. Marshal to use reasonable efforts to serve Defendant Schetter with the last known address provided by the NCDPS. [Doc. 18]. On October 8, 2021, Defendant Moody answered the Complaint. [Doc. 21]. Defendant Schetter, however, remains unserved.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse,

602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on March 10, 2021. [Doc. 9]. Plaintiff, therefore, had until June 8, 2021 to serve Defendant Schetter. On November 9, 2021, the Court notified Plaintiff that it would dismiss Defendant Schetter without prejudice unless Plaintiff showed good cause for the failure to timely serve this Defendant within 14 days of the Court's Order. [Doc. 22]. Plaintiff has not responded to the Court's Show Cause Order.

As such, the Plaintiff has not shown good cause for his failure to timely serve Defendant Schetter. Further, the Court declines to exercise its discretion to extend the time for service. The Court will, therefore, dismiss Defendant Schetter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Schetter is hereby **DISMISSED** as a Defendant in this case without prejudice.

**IT IS SO ORDERED**.

Signed: December 6, 2021

Martin Reidinger
Chief United States District Judge