UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00340-MR

| KEITH HARDING, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| MICHAEL MOODY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Depose [Doc. 33], Plaintiff's Motion to Amend Pleadings [Doc. 34 at 1-2], and Plaintiff's numerous discovery requests [Docs. 29, 30, 31, 32, 34 at 3-6, and 36].

Pro se Plaintiff Keith Harding ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. Plaintiff filed this action on November 24, 2020, pursuant to 42 U.S.C. § 1983, naming FNU Schetter and FNU Moody as Defendants in this matter. [Doc. 1 at 2]. The Clerk promptly mailed Plaintiff an Order of Instructions, advising Plaintiff, among other things, that the parties "shall not file any … discovery requests … unless … directed to do so by the Court" pursuant to Local Rule 26.2. [Doc. 3 at ¶ 7]. Plaintiff's

Complaint survived initial review on March 10, 2021. [Doc. 9]. The Court dismissed Defendant Schetter for Plaintiff's failure to timely serve him. [Doc. 23]. Thereafter, the Court entered a Pretrial Order and Case Management Plan (PTOCMP) setting the discovery deadline for April 5, 2022. [Doc. 24].

On January 3, 2022, the Court struck an improper discovery request filed by Plaintiff and advised Plaintiff that discovery requests should be served on the opposing party only. [Doc. 28 at 2]. The Court admonished Plaintiff that "[a]ny future improper filings may be summarily dismissed and/or stricken from the record." [Id.].

Plaintiff has again filed several improper discovery documents with the Court, including subpoenas for testimony and to produce documents, notices of deposition on written questions for the Plaintiff's own testimony, requests for admissions, requests for production of documents, and interrogatories. [See Docs. 29, 30, 31, 32, 34 at 3-6, and 36]. As previously admonished, discovery requests should be served on the opposing party only, not with the Court. The Court will strike these improper filings. Plaintiff is again advised to review the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing documents with this Court.

Plaintiff has also filed a motion seeking the Court to order Defendant to take Plaintiff's deposition. [Doc. 33]. The Court will deny this motion. It

is not within the province of the Plaintiff to require the Defendant to take Plaintiff's deposition. Should Defendant opt not to depose the Plaintiff, Plaintiff may present his testimony by way of affidavit at summary judgment.

Plaintiff has also filed a "Motion to Amend Pleadings" in which he seeks no actual relief, but only "swear[s] to tell the truth, the whole truth and nothing but the Truth." [Doc. 34]. The Court will deny this motion without prejudice. To the extent Plaintiff seeks to amend his Complaint, he must file a proper motion and a proposed amended complaint setting forth his allegations and claims in full.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's filings [Docs. 29, 30, 31, 32, 34 at 3-6, and 36] are **STRICKEN** from the record in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 33] is **DENIED** and Plaintiff's motion [Doc. 34 at 1-2] is **DENIED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to docket Doc. 34 at pages 3-6 as a separate document and to **STRIKE** it from the record in this matter in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: January 19, 2022

Martin Reidinger
Chief United States District Judge

3